IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELISABETH I. THIERIOT,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC GAS AND ELECTRIC COMPANY, et al.,<br><br>Defendants. | Case No. 24-cv-07476-CRB<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION; DISMISSING CASE** |

Plaintiff Elisabeth Thieriot sues Defendants Pacific Gas & Electric Company and Mari Kryder Becker (allegedly a PG&E executive) for ending service to her home after she failed to pay her bills and instead sent an IRS Form that, according to her, required the U.S. government to pay her utility bills. SAC (dkt. 16) ¶¶ 15, 58–67, 74. She asserts claims under the U.S. Constitution, the Uniform Commercial Code, and federal and state statutes. Id. ¶¶ 22–51. Magistrate Judge Alex Tse screened Thieriot's initial and first amended complaints, see 28 U.S.C. § 1915(e)(2)(B), and found them frivolous. See First Screening Order (dkt. 7); Second Screening Order (dkt. 13). Judge Tse then issued a report and recommendation with respect to Thieriot's second amended complaint that the complaint be dismissed. See R&R (dkt. 17). Thieriot objected to the report and recommendation. See Obj. (dkt. 19). The Court now adopts Judge Tse's report and recommendation and dismisses the action.

First, Judge Tse recommends that Thieriot's Fourteenth Amendment and § 1983 claims be dismissed because neither PG&E nor Becker is a governmental entity or an entity acting under color of state law. Id. at 2–3. This is correct. The Supreme Court held

1          in Jackson v. Metropolitan Edison Co., that a private utility company is not a state actor for

2          constitutional purposes when they discontinue service for nonpayment. 419 U.S. 345, 350

3          (1974). Relying on Jackson, the Ninth Circuit held that PG&E is not a state actor. Mathis

4          v. Pac. Gas & Elec. Co., 891 F.2d 1429, 1431 (9th Cir. 1989); accord Cornejo v. Tumlin,

5          No. 20-cv-5813-CRB, 2021 WL 4893392, at *6 (N.D. Cal. Oct. 20, 2021) (same).

6          Accordingly, the Court dismisses these claims with prejudice, as amendment would be

7          futile.

8                  Second, and in a similar vein, Judge Tse recommends that Thieriot's Fifth

9          Amendment claim be dismissed because the Fifth Amendment applies only against the

10         federal government, and neither PG&E nor Becker is a federal actor. R&R at 3–4 (citing

11         Johnston v. Earle, 245 F.2d 793, 796 n.5 (9th Cir. 1957)). This too is correct, and

12         amendment would be futile, so the Court therefore dismisses this claim with prejudice.

13                 Third, Judge Tse recommends that Thieriot's claims under article I of the U.S.

14         Constitution and Public Law 73-10 be dismissed for lack of a private right of action. Id. at

15         4; Second Screening Order at 4–5. This is right: nothing in article I, § 8, clauses 3 or 5 of

16         the U.S. Constitution (which, respectively, grant Congress the power to regulate foreign

17         and interstate commerce and to coin money) or in Public Law 73-10 (which suspended the

18         gold standard in the United States) creates or implies a private right of action. See

19         Alexander v. Sandoval, 532 U.S. 275, 286–87 (2001). These claims are therefore futile,

20         and the Court dismisses them with prejudice.

21                 Fourth, Judge Tse recommends that Thieriot's claims under various federal statutes

22         be dismissed without prejudice because Thieriot does not plausibly allege violations of

23         these statutes. R&R at 4. The Court agrees that Thieriot has failed to state a claim but

24         concludes that Thieriot's claims are legally futile. As to 15 U.S.C.§§ 1615 (regulating loan

25         refunds), 1662 (regulating advertising), 1692e (prohibiting false and misleading

26         representations), and 1693k (prohibiting the compulsory use of electronic fund transfers),

27         Thieriot's appears to rest all of her claims on the fundamentally flawed belief that she

28         actually paid her utility bills by sending PG&E IRS Forms 1099-A and 1099-C. See Obj.

at 4–5.  Were this a legally sound theory, she might have alleged enough facts to state a claim.  But Forms 1099-A and 1099-C are reporting forms, not methods of payment.  Thus, Thieriot's assertions that PG&E and Becker refused to apply those IRS Forms as payment, SAC ¶ 36, imposed unlawful conditions on the extension of credit by doing so, id. ¶ 33, misled her as to the adequacy of those forms as methods of payment, id. ¶ 34, and refused to accept non-electronic payment, id. ¶ 35, all fail as a matter of law.  As for 31 U.S.C. § 3123, that statute addresses how the federal government pays the public debt; it has no relation to this case.  The Court thus dismisses Thieriot's federal statutory claims with prejudice.[1]

Fifth, Judge Tse recommends that the Court decline to exercise supplemental jurisdiction over Thieriot's state law claims given the dismissal of all of her federal claims.  R&R at 4–5.  The Court agrees that this is the proper procedure pursuant to 28 U.S.C. § 1367(c)(3).

Therefore, the Court **DISMISSES WITH PREJUDICE** all of Thieriot's federal constitutional and statutory claims and declines to exercise jurisdiction over her state law claims.  She may re-file those claims in a state-court action if she so wishes.

**IT IS SO ORDERED.**

Dated: July 14, 2025

CHARLES R. BREYER
United States District Judge

---

[1] 28 U.S.C. § 2201, see SAC ¶¶ 40–41, merely provides federal courts authorization to render declaratory judgments; it does not itself state a cause of action without some underlying legal basis.  Nor does the Uniform Commercial Code, see id. ¶¶ 37, 54–57, provide a basis for liability.  See First Screening Order at 4–5 (citing Anderson v. Geithner, No. C 12-901, 2012 WL 1430957, at *1 (N.D. Cal. Apr. 24, 2012)).